IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DARRYL K. WILKINS, SR.                                    **PLAINTIFF**

V.                          **CASE NO.  4:11-CV-886 DPM**

CONOPCO, INC., dba UNILEVER,
SUSANNE G. ZEH AND PATRICK J. MATHIEU,
INDIVIDUALLY                                             **DEFENDANTS**

## PARTIES' JOINT STIPULATION AND PROTECTIVE ORDER
## REGARDING CONFIDENTIALITY

The Parties to this action, Plaintiff Darryl K. Wilkins, Sr. ("Plaintiff" or

"Wilkins") and Defendants  Conopco, Inc., dba Unilever, Susanne G. Zeh and

Patrick J. Mathieu, ("Defendants" ), have stipulated, through their respective

counsel, to the entry of this Protective Order Regarding Confidentiality ("Protective

Order").

1.

During the course of the litigation of this matter, Plaintiff and Defendants

may identify and agree to produce certain documents containing confidential and

personal information pertaining to the parties as well as individuals who are not

parties to this action.

Specifically, Plaintiff may identify and agree to produce, his own medical and

financial records and other documents he considers confidential. Defendants may

identify and agree to produce personnel records of third parties and other

confidential and/or proprietary information.  Moreover, during the course of

discovery, the Parties may request additional personal, confidential, or proprietary documentation from each other or from third parties.  The parties have agreed that a Protective Order is needed to ensure the confidentiality of such information and to ensure that such information will be used only for the legitimate purposes of related to this litigation.

2.

If a party produces any documents to which this Protective Order is applicable, the producing Party (including any third party producing such documents) shall mark the documents "CONFIDENTIAL." Any document so marked shall not be disclosed to any person except as permitted by this Protective Order. The designation of any document as "CONFIDENTIAL" will be made in good faith, and the Parties shall have ten (10) days after service of documents marked "CONFIDENTIAL" to challenge such designation by filing a motion with the Court.

A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any materials must first attempt in good faith to confer with the lawyer for the producing party in an effort to resolve the issue amicably.  If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation.  The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as "CONFIDENTIAL."  The party seeking to maintain materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is

2

1133104-v1

proper. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

In the event that personal, confidential or proprietary information is disclosed in response to an interrogatory, the answering party may designate the response as confidential information by conspicuously stamping the interrogatory answer with the word "CONFIDENTIAL."

A party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein confidential materials or information are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made on the record during the deposition or by letter sent by email or facsimile to other counsel of record within forty-five business days after receipt of the transcript or at least five business days before the deadline for filing summary judgment motions, whichever date is earliest. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the forty-fifth business day after receipt of the transcript are excluded from the protections of this Protective Order. All deposition transcripts shall be treated as confidential and subject to the protections of this Protective Order until the expiration of the forty-five day period.

3

3.

The use of any documents or information therein subject to this Protective Order shall be restricted to the following persons:

(a)     The Parties to this litigation;

(b)     Counsel for the Parties, including their respective paralegals and clerical employees;

(c)     Witnesses or prospective witnesses, including but not limited to persons requested by counsel to furnish technical or other expert service, to give testimony or to otherwise prepare for any deposition, hearing, trial, or any other proceeding in this action, provided such witness or prospective witness agrees to be expressly bound by the terms of this Protective Order and not disclose the documents or information therein to any party or person outside this litigation; and

(d)     The Court and its personnel, including the stenographic reporters not regularly employed by the Court who are engaged by the Parties or the Court during the litigation of this case.

4.

Upon final termination of this action, whether via completion of the litigation process, trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Order shall return to the producing Party, upon request in writing, all documents subject to this Protective Order, including any and all copies, prints, negatives, or

4

summaries, in the possession of employees, experts, or consultants employed or retained by counsel for the Parties, except those items compromising any appellate record, hearing record, deposition, trial court record, privileged communications, or attorney work product.

5.

Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

6.

Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be redacted to the extent practicable. FED. R. CIV. P. 5.2. If redaction is not feasible, then the material shall be filed under seal, in a sealed envelope marked to indicate that the enclosed material is confidential and is to be made available only to the presiding judge and the judge's staff unless and until the Court orders otherwise. Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents.

So Ordered.

D.P. Marshall Jr.
United States District Judge

13 August 2012.

Stipulated to:

Sandra Y. Harris, Attorney at Law, P.L.L.C.
3071 West 28th Street
P.O. Box 1052
Pine Bluff, Arkansas  71613
Telephone: (870) 536-2600
Facsimile: (870) 536-2663
E-mail: sharrislawfirm@cablelynx.com

By: /s/ Sandra Y. Harris
    Sandra Y. Harris (92207)
    *Attorney for Plaintiff Darryl K. Wilkins, Sr.*


WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas  72201-3699
Telephone: (501) 371-0808
Facsimile:  (501) 376-9442
E-Mail: mkaemmerling@wlj.com
       jkim@wlj.com

By: /s/ Michelle M. Kaemmerling
    Michelle M. Kaemmerling (2001227)
    Jane A. Kim (2007160)
    *Attorneys for Defendants Conopco, Inc.*
    *d/b/a Unilever and Suzanne G. Zeh*


Denise Reid Hoggard
CHISENHALL, NESTRUD & JULIAN P.A.
400 W. Capitol Ave., Suite 2840
Little Rock, Arkansas 72201
Telephone:  (501) 372-5800
Fax:  (501) 372-4941
E-Mail: dhoggard@cnjlaw.com

By: /s/ Denise Reid Hoggard
    Denise Reid Hoggard (84072)
    *Attorneys for Defendant Patrick J. Mathieu*

6

1133104-v1